# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| <u>    UNITED STATES OF AMERICA   </u> | v. | <u>RUSSELL DEAN CRONCE AND</u> |
|---|---|---|
| <u>                                </u> | | <u> SABASTION ALEXANDER GARDNER </u> |

THE HONORABLE RALPH R. BEISTLINE

DEPUTY CLERK                              CASE NO.  <u>3:06-CR-00027-RRB</u>

<u> Patty Demeter </u>

         **\*\*AMENDED**
PROCEEDINGS: **MINUTE ORDER FROM CHAMBERS**    DATE: April 7, 2006

## ORDER SCHEDULING TRIAL

The above matter is hereby set on for jury trial on **\*\*Monday, June 5, 2006 at 8:30 a.m.** before Judge <u>Beistline</u>, at <u>Anchorage</u>, Alaska.  Counsel are expected to have pretrial matters assigned to the United States Magistrate Judge resolved no later than 7 days before trial.  Any unresolved pretrial matters shall be called to the trial judge's attention by the applicant no later than 7 days prior to trial.

Counsel are expected to calendar changes of plea <u>and</u> file a notice of intent to change plea at the earliest possible time prior to trial. If a final pretrial conference is scheduled, the change of plea will be taken at the time set for the final pre-trial conference.  The court expects all changes of plea to be effected no later than the week preceding the trial date.

A final pretrial conference is set for **\*\*Tuesday, May 30, 2006, at 8:45 a.m. in Courtroom #2**.

Except as hereinafter provided, and unless other arrangements are made at a final pre-trial conference, counsel shall comply with the requirements of D.Ak.LR 39.2, 47.1, and 51.1 in preparation for trial of this case.

Briefs, proposed <u>voir dire</u> questions, and proposed jury instructions shall be served and filed with the court <u>at least</u> 7 calendar days prior to the trial date.  Briefs shall not exceed 15

ORDER SCHEDULING TRIAL
[]{IK1.WPD\*Rev.12/96}

pages.  Briefs shall focus upon the legal issues and authorities bearing upon these issues which the party anticipates will arise during the course of trial.  Proposed jury instructions may, but are not required to, include common jury instructions employed by the court in all criminal cases.  Counsel's proposed jury instructions must include substantive instructions appropriate to the charges made against each defendant and such other special instructions as counsel deem the circumstances of the particular case to require.