DEBORAH M. SMITH
Acting United States Attorney

LARRY D. CARD
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: larry.card@usdoj.gov
AK Bar No. 8011068

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-cr 00027-02-RRB |
| Plaintiff, | ) ) ) | PLEA AGREEMENT |
| vs. | ) ) ) | |
| SABASTION ALEXANDER GARDNER, | ) ) ) | |
| Defendant. | ) | |

I. INTRODUCTION

A.  *Summary.*

This brief introduction sets forth a summary of the terms of the Plea

Agreement between SABASTION ALEXANDER GARDNER, the defendant

and the United States. This summary is not intended to supercede the language that follows this subsection.

The defendant agrees to plead guilty to Counts 1 through 4 of the First Superseding Indictment, which charge him respectively with Conspiracy in Relation to Methamphetamine, Possession of Methamphetamine, Unlawful Possession of a Stolen Firearm, and Theft From a Federally Licensed Firearm Dealer in violation of Title 21 U. S.C. §§ 841(a)(1), (b)(1)(B)& 846, and Title 18 U.S.C. §§ 922(j) and 922(u). The government agrees to recommend a sentence of 27 months of incarceration with the United States Bureau of Prisons, followed by 3 years of Supervised Release, and a special assessment of $100.00 per count for a total of $400.00. The parties agree that no fine should be assessed since the defendant is totally without the financial means to pay a fine, but that the final decision on the assessment of a fine is totally left up to the court after the preparation of the pre-sentence report.

**B.     *Complete Agreement.***

This document contains the complete plea agreement between the United States and the defendant, SABASTION ALEXANDER GARDNER. **No other agreement, understanding, promise, or condition exists between these two parties. The defendant understands this agreement is limited to the District**

**of Alaska and does not bind other federal, state or local prosecuting authorities.**

The defendant and his counsel understand this plea agreement is not final until (1) it has been signed by the United States Attorney; (2) the fully executed agreement has been filed with the Court; and (3) the Court has accepted defendant's guilty plea.

C.   *Federal Rules of Criminal Procedure.*

The parties expressly agree that this plea agreement is entered into and is to be controlled by Federal Rule of Criminal Procedure 11(c)(1)(B). This means that the defendant may not withdraw from this agreement if the Court deviates from the sentencing agreements made by the United States and the defendant's defense counsel, with the express consent of the defendant.

The parties agree that if the defendant's plea of guilty is rejected, withdrawn, set aside, vacated or reversed at any time, the United States will be free to prosecute the defendant on all charges covered by this agreement, including any charges that might have been brought but for this agreement.

### D.   *United States Sentencing Guidelines*

This case arises out of conduct occurring after November 1, 1987 and as such is subject to calculation of an advisory sentence pursuant to the United States Sentencing Commission Guidelines (U. S. S.G.).

### II.   **WHAT THE DEFENDANT AGREES TO DO**

The defendant agrees the following obligations are material to this agreement. The defendant agrees that any violation of or failure to fulfill these obligations will be a material breach of this agreement. If the defendant breaches this agreement, the defendant understands the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against the defendant on any charges arising out of the investigation in this matter. Whether the defendant has violated the terms of this agreement will be determined by the Court at an appropriate hearing during which any of the defendant's disclosures will be admissible and the government's burden is by a preponderance of the evidence.

### A.   *Charges*

The defendant is charged in the First Superceding Indictment with one count of Conspiracy in Relation to Methamphetamine in violation of Title 21 United States Code, §§ 846, 841(a)(1), and (b)(1)(B); one count of Possession of

Methamphetamine With Intent to Distribute in violation of Title 21 United States Code, §§ 841(a)(1) and(b)(1)(B); one count of Unlawful possession of a Stolen Firearm in violation of Title 18 Unites States Code § 922(j); and one count of Theft From A Federally Licensed Firearm Dealer in violation of Title 18 United States Code §922(u). The parties agree that the defendant possessed 1 to 2 grams of actual methamphetamine at the time of arrest, which places this agreement under the provisions of Title 21 United States Code §§ 841(a)(1) and (b)(1)(C) for sentencing purposes. This written agreement constitutes the entire agreement between the parties, and the defendant agrees to plead guilty to all four counts of the First Superseding Indictment, and to freely and openly acknowledge his responsibility for the acts and omissions constituting the factual basis for his pleas of guilty to Counts 1 through 4 of the First Superseding Indictment.

    **B.**    *Agreements on Departures*

Unless specifically set forth in this plea agreement, the defendant agrees that he will not seek any downward departures (horizontal or vertical) under the U.S.S.G. or any other authority. The defendant may argue any factors under 18 U.S.C. § 3553 which are appropriate to support the sentence agreed to by the parties herein.

    **C.**    *Restitution*

The parties agree that 8 firearms were stolen as listed in Counts 3 and 4 of the First Superseding Indictment and that restitution is owing for the unrecovered firearms, plus any decrease in value for the firearms that were stolen but recovered during the investigation of the case. Defendant shall be jointly and severally responsible with Russell Dean Cronce for the calculated restitution, as well as the full market value of the unrecovered handguns. In addition, the defendant and Russell Dean Cronce shall also be jointly and severally responsible to the owner of Trapper John's Gun Store in Kenai, Alaska for any structural damage they caused unlawfully entering the building on the night of October 30, 2005.

**D.     *Fine***

The parties agree that the defendant does not have the ability to pay a fine, and is unlikely to become able to pay any fine.

**E.     *Special Assessment***

At sentencing, pursuant to 18 U.S.C. § 3013(a), the defendant will pay the special assessment fee of $100.00 for each count of the First Superceding Indictment to which he pleads guilty, for a total of $400.00.

**F.     *Supervised Release***

The defendant agrees to three (3) years of supervised release .

### G.     *Consequences of the defendant's guilty plea*

The defendant understands that, pursuant to 21 U.S.C. § 862, any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, and welfare.  The defendant

### H.     *Waivers of appellate and collateral attack rights*

The defendant understands that his plea of guilty includes and constitutes a waiver of the right to appeal the conviction.  The defendant also understands and agrees that as consideration for the government's commitments under this plea agreement, in the event the Court accepts this plea agreement and imposes a sentence within its parameters, the defendant will knowingly and voluntarily waive any right to appeal the sentence, including any conditions of release, imposed under the provisions of 18 U.S.C. § 3742.  Furthermore, the defendant also knowingly and voluntarily agrees to waive any right to collaterally attack the conviction and/or sentence.  The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the time the Court imposes sentence; and 2) a challenge to the voluntariness of the guilty plea.

The defendant agrees that if the guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if the sentence is vacated, reversed, set aside, or modified at any time in any proceeding for any reason, the United States will be free to prosecute defendant on all charges arising out of the underlying investigation for which there is probable cause.

### I.   *Waiver of Right to Jury Trial on Sentencing Factors*

The defendant, by entering this plea, also waives any right to have facts that the law makes essential to the punishment either (1) charged in the Indictment, (2) proven to a jury, or (3) proven beyond a reasonable doubt. The defendant explicitly acknowledges that his plea to the charged offense authorizes the Court to impose a sentence in accordance with the terms of this Plea Agreement.

### III.   WHAT THE GOVERNMENT AGREES TO DO

#### A.   *Government's Sentencing Recommendation*

In exchange for the defendant's guilty plea to Counts 1 through 4 of the First Superseding Indictment States agrees to recommend a sentence of 27 months in the custody of the Bureau of Prisons, as well as a mandatory supervised release condition of 36 months. If the plea is rejected, withdrawn, vacated, reversed, or set aside, or if the sentence is vacated, reversed, set aside, or modified at any time in any proceeding for any reason, the United States will be free to prosecute the

defendant on all charges arising out of the investigation of this case for which there is probable cause.

### B. *Acceptance of Responsibility*

The United States agrees that if the defendant continues to clearly demonstrate acceptance of responsibility for his offense, then he will receive a recommendation by the United States for a 3-level downward adjustment for acceptance of responsibility. If, at any time prior to imposition of sentence, the defendant fails to meet the criteria set out in U. S. S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make such a recommendation or, if one has already been made, it will withdraw the recommendation.

### IV. ADVISEMENT OF MAXIMUM PENALTIES AND CONDITIONS OF SENTENCE

### A. *Maximum Penalties*.

The maximum statutory penalties for Conspiracy in Relation to Methamphetamine and Possession of Methamphetamine With Intent to Distribute in violation of 21 United States Code, §§ 841(a)(1) &(b)(1)(B) &846 in Counts 1 and 2 of the First Superseding Indictment are respectively (1) a term of imprisonment of 0 to 20 years; (2) a fine up to $1,000,000.00; (3) a term of supervised release of not more than three years; and (4) a special assessment for

each count of $100.00. The maximum penalties respectively for Counts 3 and 4 of the First Superseding Indictment are (1) a term of imprisonment of 0 to 10 years; (2) a fine up to $250,000.00, and additional special assessments of $100.00 for each count.

### B. *Costs of Imprisonment*

Pursuant to Comment 7 to U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term.

### C. *Interest*

Pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500.00, interest will be charged on the balance not paid within 15 days after the judgment date.

### D. *Supervised Release*

Upon violating any condition of probation or supervised release, a further term of imprisonment equal to the period of the probation or supervised release may be imposed, with no credit for the time already spent on probation or supervised release.

### E. *Payments.*

All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

V. **ADVISORY GUIDELINE APPLICATIONS AND SENTENCING AGREEMENTS**

**Count 1:**

Base Offense Level (2D1.1)(c)(11)(1-2 grams of actual meth.) . . . . . . . . 18

Adjustment For Acceptance of Responsibility . . . . . . . . . . . . . . . . . . . . . . -3

Adjustment For Presence of Weapon at Lab §2D1.11(b)(1). . . . . . . . . . . . +2

Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Criminal History Category (estimated) . . . . . . . . . . . . . . . . . . . . . . . . . . . II

Advisory Sentencing Range . . . . . . . . . . . . . . . . . . . . . . . . . . 27 - 33 months

A. The government agrees to recommend a sentence of imprisonment of 27 months imprisonment in the custody of the United States Bureau of Prisons. The defendant agrees to accept a sentence of imprisonment of 27 months of imprisonment.

B. Assuming that the defendant truthfully and candidly admits his involvement and culpability in the offense set forth in Counts 1 through 4 of the First Superceding Indictment to both the Court and the probation office, the parties

agree that the defendant shall be entitled to a 3-level reduction from the base offense level pursuant to § 3E1.1.

    C.    The parties agree that the amount of supervised release shall be three (3) years, and that the conditions of supervised release shall be the standard conditions, and will be solely in the discretion of the court.

    D.    The parties agree that the defendant does not have the ability to pay a fine, and is unlikely to become able to pay any fine.

## VI. ELEMENTS OF THE OFFENSES

The parties agree that Count 1 alleging the charge of Conspiracy In Relation to Methamphetamine in violation of 21 United States Code §§ 841(a)(1)&(b)(1)(B)& 846 as set forth in the First Superseding Indictment, has the following elements:

> *First*,    beginning on or about the 30th of October 2005, and ending on or about November 7, 2005, there was an agreement between two or more persons to commit at least one crime as charged in the First Superseding Indictment; and
>
> *Second*,    the defendant became a member of the conspiracy knowing at least one of its objects and intending to help accomplish it.

The parties agree that Count 2 alleging the charge of Possession of Methamphetamine With Intent to Distribute in violation of Title 21 United States

Code, §§ 841 (a)(1) and (b)(1)(B) as set forth in the First Superseding Indictment has the following elements:

*First,* the defendant knowingly possessed methamphetamine; and

*Second,* the defendant possessed it with intent to deliver it to another person.

The parties agree that Count 3 alleging the charge of Unlawful Possession of a Firearm in violation of 18 United States Code § 922(j) as set forth in the First Superceding Indictment, has the following elements:

*First,* the defendant knowingly possessed firearms;

*Second,* the firearms had been shipped or transported from one state to another; and

*Third,* at the time the defendant possessed the firearms, he knew that the firearms had been stolen.

The parties agree that Count 4 alleging the charge of Theft From a Federally Licensed Firearm Dealer in violation of 18 United States Code § 922(u) as set forth in the First Superseding Indictment, has the following elements:

*First,* the defendant knowingly stole eight handguns with the intention of depriving the owner of the use or benefit of the handguns; and;

  ***Second,***  the owner of the handguns was a federally licensed firearms dealer.

## VII.   FACTUAL BASIS FOR THE PLEA

The defendant acknowledges the truth of and stipulates to the following facts:

That between the dates of October 30, 2005 and November 6, 2005 in the area of Kenai, Alaska in the District of Alaska, the defendant SABASTION ALEXANDER GARDNER, did conspire with another to possess methamphetamine, with the intent to distribute said methamphetamine, and in the process purchased and assembled the various chemicals, and actually processed 1 to 2 grams of actual methamphetamine. Defendant also on October 30, 2005 unlawfully entered Trapper John's Gun Store in Kenai, Alaska and stole 8 handguns as more specifically set forth in the first Superseding Indictment. At the time the handguns were stolen, the guns had been transported from one state to another, and they were stolen from a federally licensed firearms dealer.

## VIII.   ADEQUACY OF THE AGREEMENT

Pursuant to CR 11.2(d)(9), this plea agreement is appropriate in that it contemplates a sentence in accord with the applicable advisory guideline range and statutory requirements. The sentence will serve to adequately protect the public

and reaffirm societal norms, provide for deterrence to the defendant and others, and provide an opportunity for the defendant to rehabilitate himself.

## IX. DEFENDANT'S AGREEMENT AND UNDERSTANDING OF THE TERMS OF THIS PLEA AGREEMENT

I, ~~RUSSELL DEAN CRONCE~~ SEBASTIAN GARDNER, being of sound mind and under no compulsion, threats or promises not otherwise contained in this document, knowing that I will be put under oath at my change of plea hearing to tell the truth, do hereby state my understanding of this plea agreement as follows:

    A.    I wish to enter a plea of guilty to Counts 1 through 4 of the First Superseding Indictment;

    B.    My attorney has explained the charge to which I am pleading guilty, the necessary elements, and the consequences of my plea.

    C.    I am admitting that the allegations against me in Counts 1 through 4 of the First Superseding Indictment and the factual basis for my plea are true.

    D.    I understand that by pleading guilty I give up and I agree to waive the following rights:

        --    The right to plead not guilty or to persist in that plea if it has already been made;

-- The right to a speedy and public trial by a jury on the issue of my guilt;

-- The right to object to the composition of the petit jury;

-- The right to be presumed innocent and not to suffer any criminal penalty unless and until my guilt is established beyond a reasonable doubt;

-- The right to be represented by a lawyer at trial and if necessary to have a lawyer appointed to represent me at trial--I understand I am not waiving my right to have counsel represent me during the sentencing phase of my case;

-- The right to confront and cross examine witnesses against me, and the right to subpoena witnesses to appear in my behalf;

-- The right to remain silent at trial, with such silence not to be used against me, and the right to testify in my own behalf;

-- The right to contest the validity of any searches conducted on my property or person.

E. I am fully aware that if I were convicted after a trial and sentence were imposed on me thereafter, I would have the right to appeal any aspect of my conviction and sentence. Knowing this, I voluntarily waive my right to appeal my

conviction. Furthermore, I also knowingly and voluntarily agree to waive my right under 18 U.S.C. § 3742 to appeal any aspect of the sentence imposed in this case as long as the Court imposes a sentence within the parameters of this agreement. Furthermore, I knowingly and voluntarily waive my right to collaterally attack any aspect of my conviction or sentence, except for a challenge based upon ineffective assistance of counsel--based on information not now known by me and which, in the exercise of due diligence, could not be known by me by the time the Court imposes the sentence--which affected either my guilty plea or the sentence imposed by the Court. I am fully satisfied with the representation given me by my attorney. We have discussed all possible defenses to the charges. He has investigated my case and followed up on any information and issues I have raised with her to my satisfaction and he has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed how my sentence will be calculated under the United States Sentencing Commission Guidelines as well as the statutes applicable to my offense and any other factor that will affect the sentence calculation in my case. We have also discussed the sentencing estimates prepared by the government contained in this agreement.

F.    I further understand that if I plead guilty, there will not be a trial and that the Court will ask me under oath to answer questions about theses offenses. I

understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

 G. I understand that I have a right to plead not guilty and that no one can force me to plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea.

 H. I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I continue to plead not guilty, I go to trial and I am found guilty by a jury, and a the Court determines on its own what my sentence is to be. I understand that the discussions between my attorney and I concerning my sentence exposure or the actual sentence the Court might impose if I continue to plead not guilty are only estimates and would not bind the Court. I understand that the Court has the ultimate discretion to determine the sentence to be imposed in my case, however I also understand that if the Court deviates from the sentencing agreements made by the parties in this case, I can withdraw my guilty plea and go to trial.

 I. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this agreement may be filed among the papers in my case.

J.    This document contains all of the agreements made between me, my attorney, and the attorney for the United States regarding my plea. There are no other promises, assurances, or agreements between me, my attorney, and the United States that have affected my decision to change my plea or to enter into this agreement. If there were, I would so inform the Court. I understand that if I breach this agreement in any way the United States will be free to prosecute me on all charges for which there is probable cause, arising out of the investigation of this case, and to reinstate any charges dismissed pursuant to this agreement.

K.    I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I therefore wish to enter a pleas of guilty to one felony count of violation of Title 21, United States Code, Section §§841(a)(1) &(b)(1)(B), &846, alleging Conspiracy in Relation to Methamphetamine; one count of Possession of Methamphetamine with the Intent to Distribute in violation of 21 United States Code §§ 841(a)(1) and 841 (b)(1)(B): one count of Unlawful Possession of a Stolen Firearm in violation of 18 United States Code § 922(j); and one count of Theft From a Federally Licensed Firearm Dealer in violation of 18 United States Code § 922(u).

DATED: 6-10-06

_____
SABASTION ALAXANDER GARDNER
Defendant

As Counsel for the defendant, I have discussed with him the terms of this plea agreement, have fully explained the charges to which he is pleading guilty and the necessary elements, all possible defenses, and the consequences of his plea. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering pleas of guilty. I know of no reason to question his competency to make these decisions.

If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter pleas of guilty, I will immediately inform the Court.

DATED: 6/10/06

_____
JOHN PHARR
Attorney for
SABASTION ALEXANDER

On behalf of the United States, the following accept SABASTION ALEXANDER GARDNER's offer to plead guilty under the terms of this plea agreement.

DATED: 7/12/06

_____
LAWRENCE D. CARD
Assistant U.S. Attorney

DATED: 7/12/06

_____
DEBORAH M. SMITH
Acting United States Attorney