NELSON P. COHEN
United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov
Alaska Bar # 9811075

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-cr-00027-RRB |
| | ) | |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S |
| vs. | ) | SENTENCING |
| | ) | MEMORANDUM |
| SABASTION GARDNER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States Attorney's Office, by and through counsel, and respectfully submits this Sentencing Memorandum regarding the defendant, SABASTION GARDNER, who is scheduled to be sentenced on October 3, 2006. For the reasons provided below, the government concurs with the recommendations made by the final presentence report ("PSR"), agrees with the

defendant that a Criminal History Category II more appropriately represents the defendant's criminal history and, pursuant to the 11(c)(1)(B) plea agreement, recommends a sentence at the low-end of the sentencing range of 27-33 months imprisonment.

I.   BACKGROUND

On July 19, 2006, the defendant pled guilty to the following four counts of the First Superseding Indictment: Count 1, Conspiracy in Relation to Methamphetamine Trafficking, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C); Count 2, Possession of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); Count 3, Unlawful Possession of a Stolen Firearm, in violation of 18 U.S.C. §§922(j) and 924(a)(2); and Count 4, Theft from a Federally Licensed Firearm Dealer, in violation of 18 U.S.C. §§ 922(u) and 924(a)(2).

During his plea colloquy, Gardner admitted that between October 30, 2005, and November 6, 2005, near Kenai, Alaska, he conspired with another to purchase and assemble various chemicals with the intent to manufacture  methamphetamine. Gardner also admitted that he possessed with the intent to distribute between one and two grams of methamphetamine.  Gardner further admitted that on October 30, 2005, he possessed firearms that he had stolen from Trapper John's Gun Store in

Kenai, Alaska, knowing he had stolen them from a federally licensed firearms dealer. These firearms had been transported in interstate commerce. Finally, Gardner also agreed that he would be jointly and severally liable for the calculated restitution in this case.

II.     SENTENCING CALCULATION

    A.     Statutory Maximum Sentence

The maximum sentence that may be imposed on the defendant for Counts 1 and 2 of the First Superseding Indictment is twenty (20) years imprisonment, a $1,000,000 fine, three (3) years supervised release, and a $100 special assessment. The maximum sentence that may be imposed on the defendant for Counts 3 and 4 of the First Superseding Indictment is ten (10) years imprisonment, a $250,000 fine, three (3) years of supervised release, and a $100 special assessment.

    B.     Sentencing Guidelines Calculation

As noted in the PSR, the United States did not have any objections to the PSR and the defendant's objections have been addressed. The guideline imprisonment range is 30-37 months.

III.    GOVERNMENT'S SENTENCING RECOMMENDATION

Pursuant to the 11(c)(1)(B) plea agreement, the government respectfully recommends that the court impose a sentence within a sentencing range that

recognizes that a Criminal History Category of III over-represents the seriousness of Gardner's criminal history. The government recommends that the court sentence Gardner, with a Criminal History Category of II, at the low-end of the corresponding sentencing range of 27-33 months, or 27 months imprisonment.

    A.    <u>The Two-Level Enhancement for Possession of a Weapon Is Appropriate</u>

The government concurs with the PSR when it enhanced Gardner's base offense level by two levels pursuant to USSG § 2D1.1(b)(1). According to USSG § 2D1.1, comment (n.3), the enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment (n.3). Here, two loaded firearms were present at the location of Gardner's clandestine methamphetamine lab used to manufacture drugs for sale. These firearms were two of the handguns Gardner stole from Trapper John's gun store. The presence of the loaded handguns at the site of the meth lab plainly increased the danger of violence by drug traffickers. The enhancement, therefore, should apply.

    B.    <u>Criminal History Category II Is Appropriate</u>

The government agrees with the defendant that Criminal History Category II

appropriately represents his criminal history. Gardner was convicted of driving under the influence at the age of 17 in January 2003 and, undoubtedly, was driving again prior to getting his license back from the DUI suspension when he was convicted of driving while his license was suspended later that same year. Gardner's third conviction that accounted for the accumulation of an additional criminal history point was for making a false report. The final two points were added because he was still on probation for the above offenses at the time he committed the instant offense. These offenses were not related to the trafficking of controlled substances and were relatively minor in comparison to similarly situated defendants with a Criminal History Category of III. A Criminal History Category II appropriately represents the seriousness of Gardner's criminal history and likelihood that the defendant will commit further crimes.

IV.   CONCLUSION

When considering the sentencing factors in 18 U.S.C. § 3553, therefore, a sentence at the low-end of the sentencing range of 27-33 months is appropriate. A sentence of 27 months would adequately address both the nature and circumstances of the offense, and reflect the history and characteristics of the defendant. Such a sentence would reflect Gardner's young age, his lack of serious criminal history, and his prospects for rehabilitation. Ultimately, a sentence at the low-end of the

sentencing range would best recognize the seriousness of defendant's offense conduct, afford adequate deterrence to future criminal conduct and, meanwhile, protect the community of Kenai from further crimes of the defendant.

The government recommends that the defendant be sentenced as follows:

(1)   **27 months in custody**;

(2)   **No fine is requested** due to the defendant's inability to pay;

(3)   **A three (3) year period of supervised release,** and

(4)   **A special assessment in the amount of $400.00** is, of course, required.

RESPECTFULLY SUBMITTED this  25th  day of September, 2006 at Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ David A. Nesbett
Special Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov
Alaska Bar # 9811075

**CERTIFICATE OF SERVICE**
I hereby certify that on September 25, 2006,
a copy of the foregoing Government's Sentencing
Memorandum was served electronically on John Pharr.

s/ David A. Nesbett