Law Offices of John C. Pharr
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/272-2525
Fax: 907/277-9859
E-mail: jpharr@gci.net
AK # 8211140

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SABASTION A. GARDNER, ) | |
| ) | |
| Defendant. ) | |
| _____) | Case No. 3:06-cr-00027-02-RRB |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant SABASTION ALEXANDER GARDNER's objections to the PSR are as follows:

*¶ 25:* There should not be a 2-level increase, because the §841 convictions (Counts 1 & 2) were for different conduct than the stolen firearms convictions (Counts 3 & 4). There must be a coincidence of possession of both, or at least a nexus. U.S.S.G. ¶2D1.1(a). When the vehicle with the defendants was stopped on November 6, 2005, there were firearms, but no meth; the meth lab searched later had two handguns, but defendant was not in possession of them at the time.

"Sentencing Guideline § 2D1.1(b)(1) provides for a 2-level

1

increase in offense level 'if a dangerous weapon (including a firearm) was possessed.' 'The government must prove possession by a preponderance of the evidence before the court can apply the 2-level increase under § 2D1.1(b)(1).'" United States v. Cazares, 121 F.3d 1241, 1244 (9th Cir. 1997). "To demonstrate constructive possession the government must prove a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised dominion and control over the [contraband]." Id. at 1245.

In Cazares, the Ninth Circuit Court of Appeals decided that firearms found in an apartment defendant shared with others did not have a sufficient connection and reversed the 2-level increase. Id. at 1245-46. "The principle underlying these cases [the court cited a large number of cases in which the requisite connection was not found] is the same, regardless of whether they involve proof of an offense or enhancement of a sentence. In Delgado v. United States, 327 F.2d 641 (9th Cir. 1964), we explained that possession can be joint or several, constructive as well as actual, but it must also be knowing. It cannot be left to "pure speculation as to whether [one defendant] alone or [the other defendant] alone, or both of them, had possession." Id. at 642. In this case it is pure speculation whether Parra Cazares, though a resident of the apartment, ever had possession

2

or dominion of any of the firearms." Id. at 1245.

For these reasons defendant objects to the 2-level increase.

DATED this 26th day of September 2006, at Anchorage, Alaska.

                                                  LAW OFFICES OF JOHN C. PHARR
                                                  Attorneys for Sabastion A. Gardner

                                                  <u>s/ John C. Pharr</u>
                                                  733 W. 4th Ave, Suite 308
                                                  Anchorage, Alaska 99501
                                                  Ph: 907-272-2525
                                                  Fax: 907-277-9859
                                                  E-mail: jpharr@gci.net
                                                  Bar # 8211140 AK

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 26th, 2006, a copy of the foregoing was served electronically upon:

David A. Nesbett
Asst. U.S. Attorney
david.nesbett@usdoj.gov

Michael D. Dieni
Asst. Defender
Mike_Dieni@fd.org