# United States District Court
## for the
## District of Alaska


RECEIVED
MAR 27 2008
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

**Petition for Warrant or Summons for Offender Under Supervision**

| | |
|---|---|
| Name of Offender: Sabastion Alexander Gardner | Case Number: 3:06-CR-0027-02 RRB |
| Sentencing Judicial Officer: | Ralph R. Beistline, U.S. District Court Judge |
| Date of Original Sentence: | October 4, 2006 |
| Original Offense: | Ct 1: Conspiracy In Relation To Methamphetamine, Its Salts, Isomers Trafficking in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(B); <br> Ct 2: Possession of Methamphetamine With Intent To Distribute in violation of 21 U.S.C. §§ 841(a)(1) & 841(B)(1)(B); <br> Ct 3: Unlawful Possession of a Stolen Firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2); <br> Ct 4: Theft From a Federally Licensed Firearm Dealer in violation of 18 U.S.C. §§ 922(u) and 924(a)(2) |
| Original Sentence: | 27 months incarceration with 3 years supervised release |
| Date Supervision Commenced: | October 23, 2007 |
| Asst. U.S. Attorney: David Nesbett | Defense Attorney: John C. Pharr |

## PETITIONING THE COURT

[X]   To issue a warrant
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall refrain from the unlawful use of controlled substances and shall submit to one drug test within 15 days of release on supervision and at least two periodic drug tests thereafter, not to exceed 12 tests per month, at the discretion of the probation officer," in that on January 15, 2008, the defendant submitted a urine sample that tested positive for marijuana. On this date, the defendant admitted to this officer that he used marijuana, oxycontin, and alcohol to excess on January 12, 2008. This violation is a Grade C violation. |
| 2 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on January 24, 2008, the defendant was convicted of Driving While License Suspended/Revoked." This violation is a Grade C violation. |

*Petition for Warrant or Summons*
Name of Offender      :      Sabastion A. Gardner
Case Number           :      3:06-CR-0027-02 RRB

3   The defendant has violated the Mandatory Condition of Supervision "The defendant shall refrain from the unlawful use of controlled substances and shall submit to one drug test within 15 days of release on supervision and at least two periodic drug tests thereafter, not to exceed 12 tests per month, at the discretion of the probation officer," in that on March 19, 2008, the defendant submitted a urine sample that tested positive for methamphetamine, marijuana, and opiates (sample waiting confirmation from Kroll Laboratory). On this date, the defendant admitted to this officer that he used methamphetamine, oxycontin, and marijuana on March 15, 2008. This violation is a Grade C violation.

4   The defendant has violated the Mandatory Condition of Supervision "The defendant shall refrain from the unlawful use of controlled substances and shall submit to one drug test within 15 days of release on supervision and at least two periodic drug tests thereafter, not to exceed 12 tests per month, at the discretion of the probation officer," in that on March 26, 2008, the defendant submitted a urine sample that tested positive for methamphetamine. On this date, the defendant admitted to a probation officer with the State of Alaska Probation Office in Kenai, Alaska that he used methamphetamine on March 22, 2008. This violation is a Grade C violation.

5   The defendant has violated the Standard Condition of Supervision Std Condition 3 "The defendant shall answer truthfully all inquiries by the probation office and follow the instructions of the probation officer." in that on March 25, 2008, the defendant provided a false statement to this probation officer as to the use of controlled substances. This violation is a Grade C violation.

6   The defendant has violated the Mandatory Condition of Supervision "If the judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this Judgment," in that the offender has not made a monthly restitution payment for the months of November 2007 through March 2008. This violation is a Grade C violation.

U.S. Probation Officer Recommendation:

The term of supervised release should be:

[X]   Revoked
[ ]   Extended for _____ year(s), for a total term of _____ years.

[ ]   The conditions of supervised release should be modified as follows:

Respectfully submitted,

**REDACTED**
_____
Chris Liedike
U.S. Probation/Pretrial Services Officer
Date: March 27, 2008

Approved by:

**REDACTED SIGNATURE**
_____
Eric D. Odegard
Supervising U.S. Probation Officer


THE COURT ORDERS

[ ✓ ]   The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]     The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]     Other:


**REDACTED SIGNATURE**
_____
Ralph R. Beistline
U.S. District Court Judge

March 27, 2008
_____
Date


**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.

*Petition for Warrant or Summons*
*Name of Offender            :            Sabastion A. Gardner*
*Case Number                 :            3:06-CR-0027-02 RRB*

**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge.  Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
# DISTRICT OF ALASKA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case Number: 3:06-CR-00027-02-RRB |
| vs. | ) | DECLARATION IN SUPPORT OF PETITION |
| | ) | |
| SABASTION A. GARDNER | ) | |

I, Chris Liedike, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Sabastion A. Gardner, and in that capacity declare as follows:

On July 19, 2006, the defendant appeared with counsel before the Honorable Ralph R. Beistline, U.S. District Court Judge, and entered a guilty plea to Counts 1 through 4.

On October 4, 2006, the defendant was sentenced to 27 months imprisonment with three years supervised release.

On October 23, 2007, the defendant's term of supervised release commenced. On this date, the defendant met with this officer at the U.S. Probation/Pretrial Services Office. This officer read all of the conditions of supervised release to the defendant, and the defendant signed a copy of his judgment indicating that the conditions had been read to him, he fully understood the conditions, and had been provided a copy of them.

On January 15, 2008, this officer met with the defendant at the Cook Inlet Council on Alcohol and Drug Abuse (CICADA) to obtain an observed urine sample from the defendant. The defendant submitted a urine sample (specimen number B00727427) that tested positive for marijuana. After the collection of the above mentioned sample, the defendant admitted to this officer to the use of marijuana, oxycontin, and consumed alcohol to excess on January 12, 2008, and signed an Admission of Drug Use to this effect.

Furthermore, while at CICADA, this officer spoke with a representative with CICADA and scheduled a substance abuse assessment for January 21, 2008, at 10:00 a.m. for the defendant. The defendant was given a CICADA assessment packet and was instructed by this officer to complete the packet and return it to CICADA the following day. This officer asked the defendant if he understood and he stated that he did and will return the packet the next day.

On January 17, 2008, the defendant was arrested by an officer with the Kenai Police Department and charged with Driving While License Revoked, a Class A misdemeanor, with the State of Alaska case number of 3KN-08-0108CR.

On January 18, 2008, this officer spoke with a representative with CICADA via telephone to verify if the defendant had returned the assessment packet on January 16, 2008, and this officer was informed that the defendant had not submitted the assessment packet.

On January 24, 2008, the defendant was sentenced in case 3KN-08-0108CR to 20 days jail with 10 days suspended, driver's license revoked for 90 days, and one year probation.

On January 31, 2008, the defendant requested that his supervision be transferred to Arizona where he would like to reside. This officer researched the criteria concerning relocating to the District of Arizona and informed the defendant that he does not qualify for relocating to their district. The defendant then requested to relocate to the District of Utah to reside with his father in Salt Lake City.

On March 10, 2008, this officer received a response from the District of Utah as to the defendant's transfer request. The District of Utah denied the defendant's request.

On March 18, 2008, this officer and a fellow officer attempted to contact the defendant at his reported residence but were informed by individuals at the residence that the defendant was not home. After leaving the residence, I called and spoke with the defendant on his cell phone and informed him that I needed to meet with him and asked his location. The defendant stated that he was at a friend's place and that we could meet at his reported residence. I asked him for his location and after much hesitation, the defendant reported that he was at the Merit Inn in Kenai in room 32. I instructed the defendant to stay at that location and I would meet him there.

Once we arrived at the Merit Inn, we were directed by a representative at the Merit Inn to room 232. This officer and a fellow officer contacted the defendant in room 232. After entering the room, the defendant was alone. This officer inquired as to the whereabouts of his friends he reported he was with, and the defendant eventually stated that he was there with an 18-year-old female named Mary and she had left. This officer asked the defendant why he was staying at a hotel and he stated that he checked into the hotel this date and was planning on staying overnight. The defendant was found in possession of approximately $240 which the defendant reported he received from work he had done for his uncle and from his mother and father. This officer explained to the defendant that his request for transfer to the District of Utah had been denied and that due to his violations, a modification in his supervision was being proposed. The modification was to reside in the halfway house for up to 180 days and during his term of supervision, he had to reside in Anchorage. The defendant agreed to the modification and signed a Waiver of Hearing to Modify Conditions of Probation/Supervised Release to this effect. While talking to the defendant, he admitted to the use of methamphetamine and oxycontin a few days prior. This officer instructed the defendant to report to CICADA next day at 11:00 a.m. to submit to drug testing. This officer also informed the defendant that he cannot use any controlled substances anymore and if he does, even

between this date and his placement at the halfway house, he would be arrested. The defendant stated that he understood and would not use again. This officer asked the defendant if he was still staying the night at the hotel and he stated that he was since he already paid for the night.

On March 18, 2008, this officer spoke with a Sergeant with the Kenai Police Department via telephone and asked if they could stop by the Merit Inn, room 232 late in the evening to conduct a courtesy check on the defendant. The Sergeant stated that he would send an officer to that location.

On March 19, 2008, an officer with the Kenai Police Department contacted this officer via telephone and reported that he attempted to contact the defendant at the Merit Inn, room 232 at approximately midnight and was informed by a representative of the Merit Inn that the defendant had checked out at approximately 11:30 p.m. The officer reported that he proceeded to room 232 and verified that the defendant was no longer staying in said room.

Later that day, the defendant reported to CICADA at 11:00 a.m. and submitted to an observed urinalysis test by this officer. The sample, specimen number B00727384, tested positive for methamphetamine, opiates, and marijuana. The defendant admitted to this officer that he used methamphetamine, oxycontin, and a small amount of marijuana on March 15, 2008. The defendant signed an Admission of Drug Use form to this effect.

This officer asked the defendant about staying at the Merit Inn and the defendant eventually stated that he checked out of the Merit Inn the previous evening and got a room at another hotel called the 406. This officer asked the defendant why he changed hotels, and the defendant stated that he did not want to be bothered by us coming by at two in the morning or get arrested. This officer reprimanded the defendant for changing a reported residence without notifying this officer and that it appears to this officer that this was an attempt to avoid this officer and would not be tolerated. This officer reminded the defendant of his condition that permits a probation officer to visit him at any time at home or elsewhere.

At approximately 11:30 a.m., this officer and a fellow probation officer contacted the defendant at the 406 Hotel in room 209. We entered room 209 and observed two females sleeping in separate beds. This officer observed money and an identification card (the card was placed on top of the money) sitting on one of the beds. This officer observed that the identification card belonged to the defendant and the money totaling $510. This officer asked the defendant where he got the money, and he stated that like he stated the previous day, he received money from working with his uncle and borrowed money from his parents. This officer informed the defendant that it was very suspicious, in that, he was found in possession of approximately $240 the prior day and now he was found in possession of $510 on this day and his response was the same. This officer directed the defendant to submit a money order in the amount of no less than $25 to this officer for a restitution payment since he has not made a payment since the commencement of his supervision. The defendant stated that he would do so and that "it would be in the mail before you get back to Anchorage."

On March 25, 2008, this officer spoke with the defendant via telephone, and instructed the

defendant to report to the State of Alaska Probation Office in Kenai for urinalysis testing by no later than 10:00 a.m. The defendant reported that he would be there. This officer asked the defendant if the sample would be dirty, and the defendant reported that it should be clean. This officer asked the defendant if he had used any drugs since the last reported use on March 15, 2008, and he stated that he has not used since then.

On March 26, 2008, at approximately 1:24 p.m. this officer spoke via telephone with a probation officer with the State of Alaska in Kenai stating that the defendant has not yet reported to their office for his scheduled urinalysis test. The officer stated that he will contact this officer should the defendant report.

At approximately 1:30 p.m., this officer received a telephone call from the defendant stating that he over slept. This officer instructed the defendant to report to the State of Alaska Probation Office immediately.

At approximately 3:30 p.m., this officer spoke with a probation officer with the State of Alaska via telephone. The officer reported that the defendant's urinalysis test was positive for methamphetamine. The officer reported that the defendant initially denied any new drug use but eventually admitting to the use of methamphetamine on March 22, 2008, and the defendant filled out a Voluntary Admission of Substance Abuse form to this effect.

On March 27, 2008, this officer received a copy of the defendant's payment history from the Financial Litigation Unit with the U.S. Attorney's Office. The report indicates that the defendant has not submitted a special assessment and/or restitution payment since the defendant's commencement of supervised release.

Executed this 26th day of March, 2008, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

____REDACTED SIGNATURE____
Chris Liedike
U.S. Probation Officer